Judge Underwood,
delivered the opinion of the court.
The court erred in instructing the jury positively, that the article of agreement offered in evidence, constituted a bar to the plaintiff’s action and that they should find for the defendants.
It is very true that a parol contract or implied as-sumpsit, will merge in a written agreement, and the court, no doubt, gave the instruction, taking it for granted that the written agreement given in evidence, supplanted the assumpsit, resulting from the facts proven by plaintiff. The court had no right to make the assumption and to instruct upon it. By so doing, the province of the jury was invaded. . Whether the instrument, purporting to be a written contract, was ever properly executed, so as to become obligatory upon the plaintiff, depended upon facts which, should have been left to the decision of the jury. If it had not been so executed, it would not constitute a bar to the action. Besides, the written contract relied on by the defendants, related to “two separate judgments, formerly obtained in the Shelby circuit court, by Lindsay Stephen *196 son against Abel Weatherford, John Taylor, and Hardinr M. Weatherford, on which two executions issued, &c.” The liability of the defendants to the plaintifi, as shown by the present record, grows out of two judgments in the Shelby circuit court,- obtained by said Stevenson against Abel Weatherford and Hardin M. Weatherford alone. It is probable that a mistake was committed by the insertion of the name of John Taylor, in the written contractas one against whom the judgments meant and alluded to by the parties, had been rendered. But to take the writing literally, it embraces judgments different from those rendered against the defendants in error, and which the plaintiff^ with others, replevied.
Crittenden and Richardson, for plaintiff; Monroe, for defendant.
There maybe, for aught that appears in the present record, two judgments in the Shelby circuit court against the Weatherfords and Taylor, about which the written agreement was made, leaving the liability of the defendents to the plaintiff in the present case, altogether unaffected by it.
Wherefore, the judgment is reversed, and the cause remanded for a new trial, not inconsistent herewith. The plaintifi must recover his costs.